## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| CONVERSANT WIRELESS LICENSING S.A.R.L., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil No. 6:20-cv-00323-ADA |
| TESLA, INC., | ) ) | JURY TRIAL DEMANDED |
| Defendant. | ) ) ) ) ) | |

## DEFENDANT'S ANSWER TO FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Tesla, Inc. ("Tesla" or "Defendant") hereby files its Answer to Plaintiff Conversant Wireless Licensing S.A.R.L.'s ("Conversant" or "Plaintiff") First Amended Complaint for Patent Infringement ("First Amended Complaint") (D.I. 7). Tesla denies the allegations and characterizations in Plaintiff's First Amended Complaint unless expressly admitted in the following Paragraphs.

## NATURE OF SUIT

1.      Tesla admits that actions for patent infringement arise under 35 U.S.C. § 1 *et seq*. Tesla denies there is any basis in law or fact for Conversant's allegations of patent infringement. Tesla denies any remaining allegations set forth in Paragraph 1.

## PARTIES

2.      Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 2 and therefore denies them.

3.     Tesla admits that it is headquartered and has its principal place of business at 3500 Deer Creek Road, Palo Alto, California 94304. Tesla admits that it is a corporation formed under Delaware law. Tesla admits that CT Corporation is its registered agent in the state of Texas. Tesla denies the remaining allegations in Paragraph 3.

## JURISDICTION AND VENUE

4.     Paragraph 4 contains legal conclusions to which no response is required. To the extent a response is required, Tesla admits that this Court has subject matter jurisdiction for patent infringement disputes under 28 U.S.C. §§ 1331 and 1338(a).

5.     Paragraph 5 contains legal conclusions to which no response is required. To the extent a response is required, Tesla does not contest that it is subject to personal jurisdiction before this Court for purposes of this case only. Tesla denies the remaining allegations in Paragraph 5.

6.     Paragraph 6 contains legal conclusions to which no response is required. To the extent a response is required, Tesla does not contest that it is subject to personal jurisdiction before this Court for purposes of this case only. Tesla denies the remaining allegations in Paragraph 6.

7.     Paragraph 7 contains legal conclusions to which no response is required. To the extent a response is required, Tesla does not contest venue in the Western District of Texas for purposes of this case only. Tesla denies the remaining allegations in Paragraph 7.

8.     Tesla admits that it maintains galleries and service centers within the District, including some identified by address in this paragraph, that are staffed by Tesla employees to showcase or service Tesla products. Tesla denies the remaining allegations in Paragraph 8.

9. Tesla admits that it maintains charging stations within the District. Tesla denies the remaining allegations in Paragraph 9.

10. Paragraph 10 contains legal conclusions to which no response is required. To the extent a response is required, Tesla does not contest venue in the Western District of Texas for purposes of this case only. Tesla denies the remaining allegations in Paragraph 10.

11. Tesla admits that Texas State Technical College in Waco, Texas is one of the schools with which Tesla has partnered to administer the Tesla START student automotive technician program. Tesla denies the remaining allegations in Paragraph 11.

### FACTUAL ALLEGATIONS

### I.   PATENTS-IN-SUIT

12. Tesla admits that the United States Patent and Trademark Office issued U.S. Patent No. 7,643,456 (the "'456 patent") on January 5, 2010. Tesla admits that the '456 patent states on its face that its title is "Transfer of Packet Data to Wireless Terminal" and that the inventors are Jarkko Jouppi and Janne Rinne. Tesla admits that the '456 patent recites that it issued from an application filed October 4, 2004 and purports to claim priority to application No. PCT/FI03/00263, which the '456 patent recites as being filed on April 8, 2003, and further purports to claim priority to Finnish patent application 20020677, which the '456 patent recites as being filed on April 9, 2002. Tesla admits that a document that Conversant purports is a true and correct copy of the '456 patent is attached as Exhibit A to the First Amended Complaint. Tesla denies the remaining allegations in Paragraph 12.

13. Tesla admits that the United States Patent and Trademark Office issued U.S. Patent No. 9,930,697 (the "'697 patent") on March 27, 2018. Tesla admits that the '697 patent states on its face that its title is "Random Access Channel Response Handling With Aggegrated

[sic] Component Carriers" and that the inventors are Jianke Fan, Juha S Korhonen, Mikko J Rinne and Esa M Malkamaki. Tesla admits that the '697 patent recites that it issued from an application filed December 21, 2015 and purports to claim priority to application No. 13/248,579, which the '697 patent recites as being filed on September 29, 2011, and further purports to claim priority to application No. 12/384,950, which the '697 patent recites as being filed on April 10, 2009. Tesla admits that a document that Conversant purports is a true and correct copy of the '697 patent is attached as Exhibit B to the First Amended Complaint. Tesla denies the remaining allegations in Paragraph 13.

14.     Tesla admits that the United States Patent and Trademark Office issued U.S. Patent No. 9,253,797 (the "'797 patent") on February 2, 2016. Tesla admits that the '797 patent states on its face that its title is "Random Access Channel Response Handling With Aggregated Component Carriers" and that the inventors are Jianke Fan, Juha S. Korhonen, Mikko J. Rinne and Esa M. Malkamaki. Tesla admits that the '797 patent recites that it issued from an application filed September 29, 2011, and purports to claim priority to application No. 12/384,950, which the '797 patent recites as being filed on April 10, 2009. Tesla admits that a document that Conversant purports is a true and correct copy of the '797 patent is attached as Exhibit C to the First Amended Complaint. Tesla denies the remaining allegations in Paragraph 14.

15.     Tesla admits that Conversant uses the term "Patents-in-Suit" in the First Amended Complaint to refer to the '456 patent, '697 patent, and '797 patent collectively.

## II.    BACKGROUND

16.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 16 and therefore denies them.

4

17.     Tesla admits that Conversant and/or its predecessors-in-interest purport to have made binding commitments to license the Patents-in-Suit on fair, reasonable, and non-discriminatory ("FRAND") terms. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 17 and therefore denies them.

## III.     LICENSING DISCUSSIONS

18.     Tesla admits that Conversant sent a letter to Tesla that was dated December 18, 2018, and that the correspondence speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 18, and therefore denies them.

19.     Tesla admits that Conversant purports to be a member of the Avanci patent pool and admits that Tesla has corresponded with and/or had discussions with Avanci regarding patent licensing. Tesla denies the remaining allegations in Paragraph 19.

20.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in the first sentence of Paragraph 20 and therefore denies them. Tesla denies the remaining allegations in Paragraph 20.

21.     Tesla admits that Conversant sent an email to Tesla that was dated February 26, 2019, and that the correspondence speaks for itself. Tesla denies the remaining allegations in Paragraph 21.

22.     Tesla admits that Tesla sent an email to Conversant's purported representative that was dated April 4, 2019, and that the correspondence speaks for itself. Tesla denies the remaining allegations in Paragraph 22.

23.     Tesla admits that Conversant has filed patent infringement complaints against Tesla and its German subsidiary in Germany. Tesla lacks sufficient knowledge or information to

form a belief as to the truth of the remaining allegations in Paragraph 23 and therefore denies them.

24.     Tesla admits that Conversant sent an email to Tesla that was dated March 16, 2020, and that the correspondence speaks for itself. Tesla denies the remaining allegations in Paragraph 24.

25.     Tesla admits that Tesla responded to Conversant on March 26, 2020, and that such correspondence speaks for itself. Tesla denies the remaining allegations in Paragraph 25.

26.     Tesla admits that Conversant sent an email to Tesla on April 6, 2020, and that such correspondence speaks for itself.  Tesla further states that Tesla replied on May 28, 2020 seeking important license-related information, and that Conversant has provided no response to Tesla since that date.  Tesla denies the remaining allegations in Paragraph 26.

27.     Tesla admits that as of the filing date of the First Amended Complaint, Tesla had not taken a license to Conversant's patent portfolio or any of the Patents-in-Suit.

**IV.     TESLA PRODUCTS**

28.     Denied.

29.     Tesla admits that it makes, sells, offers for sale, or provides Tesla Model S, Model 3, Model X, and Model Y vehicles.  Tesla has made prototypes of its Cybertruck and the new Roadster models, and permits reservations for Cybertruck and the new Roadster with fully refundable deposits.  Tesla denies the remaining allegations in Paragraph 29.

30.     Tesla admits that Tesla vehicles typically have cellular connection capabilities. Tesla admits that Conversant attached what Conversant purports is a collection of webpages whose addresses are provided in Paragraph 30 as Exhibit D to the First Amended Complaint and

that such documents speak for themselves. Tesla denies the remaining allegations in Paragraph 30.

31.     Tesla admits that Tesla vehicles sold in the U.S. typically have cellular connection capabilities. Tesla admits that it provides cellular connectivity packages of varying access to connectivity features. The premium connectivity package in vehicles sold in the U.S. is provided to customers free for one year with orders of its Model S, Model X, Model Y, and Model 3 with Premium Interior vehicles and free for 30 days with orders of its Model 3 Standard Range and Standard Range Plus vehicles. Tesla makes such premium connectivity package available thereafter in the U.S. for an ongoing subscription fee, which is currently set at $9.99 per month. Tesla admits that Conversant attached what Conversant purports is a webpage whose address is provided in Paragraph 31 as Exhibit E to the First Amended Complaint and that this document speaks for itself. Tesla denies the remaining allegations in Paragraph 31.

32.     Tesla admits that Tesla vehicles typically have cellular connection capabilities. Tesla admits that Conversant attached what Conversant purports is the Model S Owner's Manual (v.2020.4, North America) as Exhibit F to the First Amended Complaint and that this document speaks for itself. Tesla denies the remaining allegations in Paragraph 32.

## COUNT 1 – Infringement of the '456 Patent

33.     Tesla incorporates its responses to Paragraphs 1-32 as set forth above.

34.     Denied.

35.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 35 and therefore denies them.

36.     Denied.

37.     Denied.

38.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 38 and therefore denies them.

39.     Tesla admits that the '456 patent contains a claim 7, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 39.

40.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 40 and therefore denies them.

41.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 41 and therefore denies them.

42.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 42 and therefore denies them.

43.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 43 and therefore denies them.

44.     Tesla admits that the '456 patent contains a claim 7, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 44.

45.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 45 and therefore denies them.

46.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 46 and therefore denies them.

47.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 47 and therefore denies them.

48.     Tesla admits that the '456 patent contains a claim 7, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 48.

49.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication

functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 49 and therefore denies them.

50.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 50 and therefore denies them.

51.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 51 and therefore denies them.

52.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 52 and therefore denies them.

53.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 53 and therefore denies them.

54.     Tesla admits that the '456 patent contains a claim 7, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 54.

55.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 55 and therefore denies them.

56.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 56 and therefore denies them.

57.     Tesla admits that the '456 patent contains a claim 7, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 57.

58.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 58 and therefore denies them.

59.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient

knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 59 and therefore denies them.

60.     Tesla admits that the '456 patent contains a claim 7, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 60.

61.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 61 and therefore denies them.

62.     Denied.

63.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 63 and therefore denies them.

64.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 64 and therefore denies them.

65.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 65 and therefore denies them.

66.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 66 and therefore denies them.

67.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 67 and therefore denies them.

68.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 68 and therefore denies them.

69.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 69 and therefore denies them.

70.     Denied.

71.     Denied.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

79.     Denied.

## COUNT 2 - Infringement of the '697 patent

80.     Tesla incorporates its responses to Paragraphs 1-79 as set forth above.

81.     Denied.

82.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 82 and therefore denies them.

83.     Denied.

84.     Denied.

85.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 85 and therefore denies them.

86.     Tesla admits that the '697 patent contains a claim 1, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 86.

87.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 87 and therefore denies them.

88.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 88 and therefore denies them.

89.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 89 and therefore denies them.

90.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 90 and therefore denies them.

91.     Tesla admits that the '697 patent contains a claim 1, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 86.

92.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92 and therefore denies them.

93.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 93 and therefore denies them.

94.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 94 and therefore denies them.

95.     Tesla admits that the '697 patent contains a claim 1, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 95.

96.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 96 and therefore denies them.

97.     Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 97 and therefore denies them.

98.     Denied.

99.     Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 99 and therefore denies them.

100.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 100 and therefore denies them.

101.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 101 and therefore denies them.

102.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 102 and therefore denies them.

103.    Denied.

104.    Denied.

105.    Denied.

106.    Denied.

107.    Denied.

108.    Denied.

109.    Denied.

110.    Denied.

111.    Denied.

112.   Denied.

## COUNT 3 - Infringement of the '797 patent

113.   Tesla incorporates its responses to Paragraphs 1-112 as set forth above.

114.   Denied.

115.   Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 115 and therefore denies them.

116.   Denied.

117.   Denied.

118.   Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 118 and therefore denies them.

119.   Tesla admits that the '797 patent contains a claim 3, which contains a number of limitations, which speak for themselves.   Tesla denies the remaining allegations in paragraph 119.

120.   Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 120 and therefore denies them.

121.   Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 121 and therefore denies them.

122.    Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 122 and therefore denies them.

123.    Tesla admits that the '797 patent contains a claim 3, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 123.

124.    Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 124 and therefore denies them.

125.    Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 125 and therefore denies them.

126.    Tesla admits that the '797 patent contains a claim 3, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 126.

127.    Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication

functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 127 and therefore denies them.

128.   Tesla admits that the '797 patent contains a claim 3, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 128.

129.   Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 129 and therefore denies them.

130.   Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 130 and therefore denies them.

131.   Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 131 and therefore denies them.

132.   Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication

functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 132 and therefore denies them.

133.    Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 133 and therefore denies them.

134.    Tesla admits that the '797 patent contains a claim 3, which contains a number of limitations, which speak for themselves.  Tesla denies the remaining allegations in paragraph 134.

135.    Tesla admits that in this Paragraph Conversant includes an excerpt of what Conversant purports is a technical standard concerning wireless cellular communication functionalities and that the content of this standard speaks for itself. Tesla lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 135 and therefore denies them.

136.    Denied.

137.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 137 and therefore denies them.

138.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 138 and therefore denies them.

139.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 139 and therefore denies them.

140.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 140 and therefore denies them.

141.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 141 and therefore denies them.

142.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 142 and therefore denies them.

143.    Tesla lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 143 and therefore denies them.

144.    Denied.

145.    Denied.

146.    Denied.

147.    Denied.

148.    Denied.

149.    Denied.

150.    Denied.

151.    Denied.

152.    Denied.

153.    Denied.

## DAMAGES

154.    Denied.

155.    Denied.

## ATTORNEYS' FEES

156.    Denied.

## DEMAND FOR JURY TRIAL

Conversant's demand for a trial does not require an admission or denial.

## RESPONSE TO CONVERSANT'S PRAYER FOR RELIEF

Tesla denies that Conversant is entitled to any relief whatsoever, including but not limited to the relief sought in paragraphs (a) through (j) of Conversant's Prayer for Relief.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Further answering the First Amended Complaint, and as additional defenses thereto, Tesla asserts the following Affirmative Defenses to Plaintiff's First Amended Complaint without assuming any burden that it would not otherwise bear and without reducing or removing Plaintiff's burdens of proof on its affirmative claims against Tesla. Tesla reserves the right to amend its Answer and Defenses as additional information becomes available and/or is otherwise discovered.

## FIRST DEFENSE

157.    Tesla has not infringed any claim of the Patents-in-Suit, under any asserted infringement theory, either literally or under the doctrine of equivalents.

## SECOND DEFENSE

158.    All asserted claims of each of the Patents-in-Suit are invalid for failure to meet one or more of the conditions of patentability under the patent laws of the United States, 35 U.S.C. § 1 *et seq*., including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## THIRD DEFENSE

159.    On information and belief, the Patents-in-Suit cannot be enforced by Conversant under the doctrine of prosecution history estoppel.

**FOURTH DEFENSE**

160.    The Patents-in-Suit are unenforceable and Conversant is precluded from asserting the Patents-in-Suit against Tesla under the doctrines of estoppel, implied waiver, acquiescence, patent exhaustion, and/or implied license. For example, upon information and belief, Conversant and/or its predecessors-in-interest to the Patents-in-Suit failed to timely disclose one or more of the Patents-in-Suit (or patents or patent applications within the same families) in accordance with the requirements of the European Telecommunications Standards Institute ("ETSI") standard-setting organization ("SSO") Intellectual Property Rights ("IPR") Policy. In addition, Conversant has failed to honor its obligations pursuant to its and its predecessors'-in-interest commitments made to ETSI to license the Patents-in-Suit in a manner that is, fair, reasonable, and non-discriminatory ("FRAND").

**FIFTH DEFENSE**

161.    Upon information and belief, Conversant's claim(s) for damages for alleged infringement of the Patents-in-Suit is statutorily limited, in whole or in part, by the provisions of 35 U.S.C. § 1 *et seq*., including but not limited to 35 U.S.C. §§ 286, 287, and/or 288.

**SIXTH DEFENSE**

162.    Conversant is not entitled to injunctive relief.  Any injury to Conversant is neither immediate nor irreparable. Conversant has an adequate remedy at law for any claims it can prove.  The balance of hardships does not warrant injunctive relief.  The public interest would be disserved by an injunction.

**SEVENTH DEFENSE**

163.    Tesla has engaged in all relevant activities in good faith, and Conversant cannot prove that this is an exceptional case, thereby precluding Conversant from recovering attorneys' fees and/or costs under 35 U.S.C. § 285 even if Conversant prevails with respect to one or more

of the Patents-in-Suit. Tesla has not willfully infringed any of the asserted patents, precluding Conversant from recovering enhanced damages under 35 U.S.C. § 284 even if Conversant prevails with respect to one or more of the Patents-in-Suit.

## EIGHTH DEFENSE

164.    Some or all of Conversant's claims are barred by the doctrine of unclean hands, patent misuse, and/or other equitable doctrines due to Conversant's misconduct, including without limitation, upon information and belief, Conversant improperly attempting to broaden the scope of the Patents-in-Suit by forcing potential licensees to take a license to a portfolio of patents and to compel licenses and potential licensees to pay for patents that Conversant knows to be non-essential as a condition for obtaining licenses to patents asserted to be standards-essential, and, upon information and belief, improperly offering licenses only for end products and not cellular modules that incorporate the technology set forth in 2G, 3G, and/or 4G LTE cellular standard in violation of Conversant's FRAND obligations.  Moreover, upon information and belief, Conversant and/or its predecessors-in-interest to the Patents-in-Suit failed to timely disclose one or more of the Patents-in-Suit (or patents or patent applications within the same families) in accordance with the requirements of the European Telecommunications Standards Institute ("ETSI") standard-setting organization ("SSO") Intellectual Property Rights ("IPR") Policy.  Conversant has failed to honor its obligations pursuant to its and its predecessors'-in-interest commitments made to ETSI to license the Patents-in-Suit in a manner that is, fair, reasonable, and non-discriminatory ("FRAND").

## NINTH DEFENSE

165.    Conversant's claims are barred, in whole or in part, by its breach of contractual obligations to at least the ETSI, and to its members and implementers of standard-compliant products, to license the Patents-in-Suit on FRAND terms. Conversant or their predecessors-in-

interest have made binding and irrevocable declarations that they and any successors-in-interest would offer to grant licenses to each of the Patents-in-Suit on FRAND terms. Upon information and belief, Conversant has breached their obligations to offer licenses on FRAND terms to all willing licensees, *i.e.*, at every level of the supply chain, by refusing to license upstream suppliers of cellular modules and instead demanding that all licenses be made at the end-product level. Conversant's failure to comply with its FRAND obligations bars Conversant's claims and estops Conversant from enforcing the Patents-in-Suit in this case.

## TENTH DEFENSE

166.    Conversant's claims are barred, in whole or in part, by promissory estoppel arising from Conversant's and Conversant's predecessors-in-interest's binding representations to ETSI, as well as to ETSI's members and implementers of standard-compliant products, to license the Patents-in-Suit on FRAND terms, wherein Tesla and/or its suppliers have relied on such representations by Conversant and Conversant's predecessors-in-interest and have been detrimentally harmed by Conversant's failure to abide by their representations to license the Patents-in-Suit on FRAND terms.

## ADDITIONAL AFFIRMATIVE DEFENSES

167.    Tesla specifically reserves the right to assert such other and further affirmative defenses as are revealed in the course of discovery.

## RESERVATION OF RIGHTS

168.    Tesla expressly reserves the right to allege and assert additional defenses that may be accorded to it under Rule 8(c) of the Federal Rules of Civil Procedure, the Patent Laws of the United States, and any other defenses, at law or in equity that now exist or in the future may be available based on discovery and further factual investigation in this case.

## DEMAND FOR JURY TRIAL

169.    Tesla respectfully requests a trial by jury on all issues so triable.

Dated: July 13, 2020

*/s/ Deron R. Dacus*

Deron R. Dacus
Texas Bar No. 00790553
THE DACUS FIRM, PC
821 ESE Loop 323, Suite 430
Tyler, TX 75701
(903) 705-1117
ddacus@dacusfirm.com

Michael Rhodes (*pro hac vice* to be filed)
Heidi L. Keefe (*pro hac vice* to be filed)
COOLEY LLP
3175 Hanover Street
Palo Alto, CA 94304-1130
(650) 843-5000
hkeefe@cooley.com
mrhodes@cooley.com

Adam M. Pivovar (*pro hac vice* to be filed)
Samuel Whitt (*pro hac vice* to be filed)
COOLEY LLP
1299 Pennsylvania Avenue, NW
Suite 700
Washington, DC  20004
(202) 842-7800
apivovar@cooley.com
swhitt@cooley.com

Joseph E. Van Tassel (*pro hac vice* to be filed)
COOLEY LLP
11951 Freedom Drive
Reston, VA 20190-5656
(703) 456-8000
jvantassel@cooley.com

*Attorneys for Defendant*
*Tesla, Inc.*

27

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record via the Court's ECF system on July 13, 2020.

<u>*/s/ Deron R. Dacus*</u>
Deron R. Dacus